POWELL v. DETROIT UNITED RAILWAY.

STREET RAILWAYS — CROSSING ACCIDENT — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a street railway company for personal injuries caused by a collision between a motor truck in which plaintiff was riding and defendant's street car, at a street crossing, conflicting testimony as to the manner in which the accident occurred raised a question of fact for the jury, and the court below was in error in disposing of it as a matter of law.

Error to Wayne; Collingwood, J., presiding. Submitted June 6, 1919. (Docket No. 68.) Decided July 17, 1919.

Case by Ernest H. Powell against the Detroit United Railway for personal injuries. Judgment for de-

For authorities passing on the question as to whether attempting to cross track in front of observed street car is contributory negligence, see note in L. R. A. 1917C, 699.

fendant on a directed verdict. Plaintiff brings error. Reversed.

*Charles C. Stewart* and *William C. Gottman,* for appellant.

*Corliss, Leete & Moody* and *A. B. Hall,* for appellee.

BROOKE, J. In this action plaintiff sought to recover damages for a personal injury sustained by him in a collision between his automobile and one of defendant's cars. Defendant operates one of its lines on Fourteenth avenue, a street running north and south in the city of Detroit. The collision occurred at the junction of Ash street with Fourteenth avenue; plaintiff and one Nicholas Bauer were proceeding westerly along Ash street. Plaintiff, describing the accident, testified:

"On that day, Mr. Bauer was with me and he was driving the machine; it had a right hand drive. I was sitting on the left hand side. Ash street runs east and west and I was sitting on the south side of the car, which was going west on Ash street; we came to the Fourteenth avenue street car tracks; they were putting in a new track and they placed a temporary track on the east side; they had the center all torn up to make the pavement for the new track and the track they had laid there, I would judge, was about eight inches higher than the pavement. The track was laid on top of the pavement; ties or plank run underneath it. When we came to Fourteenth avenue, we were going possibly ten miles an hour; we came to a standstill within about eight feet of the temporary track. We saw a street car coming from the south. We waited to see if it would stop or not. It stopped and started to let off passengers and we started to cross. We had stopped before the car stopped and the moment we saw the car had stopped we started up. The motorman had turned around and was watching towards the back of the car; he had left the controller he runs the car with and was leaning on the

door, looking at the conductor in the rear end of the Fourteenth avenue car. We got the front wheels nicely up onto the track when the motorman turned around and started his street car; I rose up in the car and sought to draw his attention and just as I rose up he also noticed we were on the track.

"*Mr. Hall:* What is that?

"I raised up in the automobile to attract his attention. I said, 'Look out there.'

"*Mr. Hall:* Whom did you say that to?

"*A.* To the motorman on his car. He noticed that himself.

"*Mr. Hall:* I ask that may be stricken out.

"*The Court:* That may be stricken out.

"We started across the track, got nicely across the track and he started up and ran into us, and then our front wheels were over the track. He caught us right back of the front seat. The street car, while stopping to let off passengers, was distant possibly ten feet. When I called to him and said, look out, the car was then about three feet away, the motorman dodged back for a second, then the car crashed into the side of us and I fell between the car and the automobile. One foot was still in the automobile. The street car pushed us on for about 50 feet with my person between the two."

Margaret Groff, a witness for plaintiff, testified:

"I live at 1707 Brush street and am employed by the Wayne County and Home Savings Bank. On the 21st of June, 1914, I was sitting on a porch on Fourteenth street, the second door from Ash; I should judge about 40 or 50 feet north of Ash street. It was in the early afternoon and a bright sunshiny day. This truck came along, going west on Ash street, and the street car was coming from the south, going north. The automobile stopped first and right away after the street car stopped and some people got off. They were fixing the track and had built a temporary track over which was an incline made of boards that extended over to the other side of the track. There was a rise there, but I could not say how high it was. After the street car stopped the automobile started up the incline and had reached the top and gone over; the

street car started and hit the automobile and pushed it; the street car wasn't going very fast, and pushed it to the second part of the duplex; there the street car stopped and the motorman got out and the conductor came out of the street car and said to the motorman—

"Objected to by Mr. Hall.

"*The Court:* What is the purpose of it?

"*Mr. Gottman:* I can state it.

"*Mr. Hall:* I object to any statement what the conductor said to the motorman.

"*The Court:* I sustain the objection.

"I heard the motorman ask a gentleman if he was hurt, but it was not Mr. Powell; Mr. Powell was down on the track. After Mr. Powell was taken out of the wreck, I saw him sitting on the grass between the sidewalk and the curb. The street car pushed the automobile a matter of 40 or 50 feet, whatever the distance was. I couldn't swear to that. The motorman was in the street car at the time. I am 20 years old."

Nicholas Bauer, the driver of the machine, testified on cross-examination:

"Q. And you stopped on the track, did you?

"A. No, sir; I did not stop on the track, I stopped near the track.

"Q. Then you didn't see the motorman when he started?

"A. No.

"Q. You didn't look then when you started to go across the tracks?

"A. Yes, I didn't look at the street car, I looked where I was going.

"Q. Then, when you started across the track, you did it without looking at the street car?

"A. The car was stopped and passengers were getting off and I was going ahead.

"Q. Please listen to my question. You were standing there still and before you started across the track you didn't look at the street car because you would have seen it?

"A. If I had looked. I was looking across the street.

"*Q.* You were looking across the street and did not look at the street car when you started to cross, is that right?

"Yes, sir."

On re-direct:

"*Q.* Well, I believe you stated that you weren't looking at the street car. Now, tell us more definitely about that?

"*A.* When the street car stopped and let off passengers, I didn't look at the street car any more.

"*Q.* It had stopped then?

"*A.* It was stopped.

"*Q.* Did you start before the street car started?

"*A.* Yes, sir."

And on re-cross:

"*Q.* Now, you say when you started across the track you were looking where you were going, not at the street car?

"*A.* When I was going over the track; yes, sir.

"*Q.* Just answer my questions. When you started that automobile were you looking where—you were not looking at the street car; you were looking where you were going?

"*A.* Yes, sir.

"*Q.* Is that the truth?

"*A.* Yes."

A motion for a directed verdict upon the ground that plaintiff was guilty of contributory negligence as a matter of law, made at the close of the plaintiff's case, was denied.

Defendant then introduced testimony tending to snow that plaintiff's automobile did not stop before attempting to cross the track and further that defendant's car made no stop at Ash street upon the occasion in question. At the close of all the testimony, defendant's counsel renewed his motion for a directed verdict which the court granted, saying:

"In this case Mr. Bauer was driving the car, and not Mr. Powell, who owned the car, therefore, if Mr.

Bauer was negligent that negligence was imputed to the owner of the car who was sitting by his side. The testimony in the case is conflicting as it usually is in this class of cases.

"Some of the witnesses testified to the car stopping before the crossing—that is, the street car. Some testified that it went right on. . However, that is not interesting to us, considering the testimony of Mr. Bauer who was driving the car. We have to consider that in the most favorable light to Mr. Bauer for the purpose I am submitting this to you now. Mr. Bauer testified that the street car came to a stop, that two passengers got off; that he came to a stop. The street car was within 15 feet of the crossing or thereabouts. The automobile was within 6 or 8 feet of the crossing. Then, he testifies that he looked where he was going, started his automobile over the track and the street car hit him. He stated distinctly that he didn't look at the street car, but he looked in the direction that he was going. Under that testimony, gentlemen, I shall have to charge you that it was the duty of the person driving the car to look at the street car before he started. He was in a place of safety. Without looking at the street car, which was there, he started across. He was caught, and under the testimony in this case, it becomes my duty to say to you that the driver of the car was guilty of contributory negligence, that that negligence of the driver is the negligence of the owner of the car, and that under these circumstances the plaintiff, Mr. Powell, cannot recover, and therefore, gentlemen, without leaving your seats you will find a verdict for the defendant of not guilty."

We are of opinion that the conflicting testimony as to the manner in which the accident occurred raised a question of fact for the determination of the jury and that the learned circuit judge was in error in disposing of it as a matter of law.

The judgment is reversed, with costs, and a new trial ordered.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.